# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

EMILY MCCAIN                                                                          PLAINTIFF

V.                                            CIVIL ACTION NO.:  4:16CV188-MPM-JMV

CITY OF CLEVELAND,
AND CHARLES BEINGHAM, INDIVIDUALLY                          DEFENDANTS

## ORDER

This matter comes before this Court for consideration of Defendants City of Cleveland ("Cleveland") and Charles Bingham's *Motion to Strike Hearsay In Plaintiff's Brief* [38], Plaintiff Emily McCain's response, and Defendants' reply. After considering each in light of relevant statutory and case law, the Court is now prepared to rule.

### Factual Background

On or about November 5, 2013, Plaintiff was hired as a patrolman third class by Defendant Cleveland based on Defendant Charles Bingham's recommendation, who was employed as the Cleveland Police Chief. Immediately following her hiring, Plaintiff's employment was rescinded by Cleveland after several complaints were made against her to members of the Cleveland Board of Alderman. Plaintiff's father, Police Captain Mike McCain, informed the Chief Administrative Officer for Cleveland, Farae Wolfe, that he planned to pursue the matter further with the Equal Employment Opportunity Commission ("EEOC") and, on or about February 4, 2014, McCain began her employment with Cleveland as a patrolman.

During her time as an employee of Cleveland, Plaintiff alleges that she was subjected to unfair treatment based on her gender. Her allegations include limitations in her duties as a patrolman, disparaging comments by shift supervisors, the department's refusal to purchase

female-cut uniforms, and Defendant Bingham's refusal to give Plaintiff commendation after she saved the life of a crime victim.

Plaintiff's employment was terminated on or about November 4, 2015 after she arrested an intoxicated individual, who proceeded to escape from the back window of her patrol car. She alleges that her termination was unfair because previous arrestee escapes had not resulted in termination of similarly situated male officers. Plaintiff commenced this action by filing her *Complaint* against Defendants City of Cleveland and Charles Bingham, based upon allegations of gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Equal Protection Clause of the Fourteenth Amendment, made actionable pursuant to 42 U.S.C. § 1983.

## Standard

Under the Federal Rules of Evidence, hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted. F.R.E. 801(c). The Federal Rules of Evidence offer many exceptions to hearsay. One such exception is asserted by Plaintiff's *Response in Opposition to Motion to Strike Hearsay* and provides that statements made by an agent or employee of the opposing party while in the scope of the agency or employment are not hearsay when offered against the opposing party. F.R.E. 801(2)(d)(2). As determined in *US v. Saks*, for the 802(d)(2)(d) exception to apply, there must be (1) an agency or employment relationship between the declarant and the party against whom the statement is being used, (2) the statement made "concern[s] a matter within the scope of [the] agency" or employment, and (3) the statement was "made during the existence of the agency relationship." *United States v. Saks*, 964 F.2d 1514, 1524 (5th Cir. 1992).

**Discussion**

Returning to the motion at hand, Defendants argue that Plaintiff's memorandum brief in opposition to their motion for summary judgement contains hearsay which should be stricken from the record. In that memorandum, Plaintiff states that her father threatened to file an EEOC claim against the City:

> "Ms. McCain, through her father, Captain Mike McCain informed the Chief Administrative Officer for the Defendant Cleveland that she would file a complaint with the Equal Employment Opportunity Commission (EEOC) based on the different reasons she was given for having her employment rescinded." (P.2 Doc 34 Plaintiff's *Memorandum In Opposition To Motion For Summary Judgment*).

In their motion to strike, Defendants claim that this statement is hearsay because it asserts statements made by Plaintiff's father that are only supported through Plaintiff's deposition. Plaintiff contends that her father's statements fall under the 801(2)(d)(2) exception to hearsay because he was an employee of Cleveland and, as police captain, made these statements within the scope of his employment. However, more than a mere agency relationship is required for a hearsay statement to be excused under the 801(2)(d)(2) exception. The statement must also be made during the existence of the agency or employment about a matter within the scope of that relationship. To be successful on this point, Plaintiff must show that her father was acting strictly within the scope of his employment as police captain when he discussed the potential of an EEOC claim with the Cleveland representative. See *United States v. Saks*, 964 at 1524.

In her deposition, Plaintiff stated, "My dad spoke with Farae and said that he was going to contact the EEOC" and again referenced these statements, made by her father to Defendant Cleveland, in her memorandum in opposition of summary judgment.[1] While Plaintiff asserts that discussing decisions concerning her employment was within the scope of her father's employment,

---

[1] McCain Dep. p.18

Captain McCain's assertion that he would personally pursue the matter with the EEOC goes beyond the scope of his role as a police captain and into his role as Plaintiff's father. Given the natural affection of parent-child relationships and the unlikely probability that Captain McCain personally represented the wishes of all officers terminated within his department with such vigor to Cleveland representatives, the statements made by Captain McCain do not fall within the scope of his employment as Cleveland's police captain. Rather, these statements were made out of concern for a family member whom Captain McCain perceived to have been ill-treated in her line of work.

This Court does not contend that all statements between Captain McCain and Farae Wolfe, as set forth by Plaintiff's deposition, constitute hearsay; however, the assertions at issue within Plaintiff's memorandum in opposition of summary judgment are hearsay made outside the scope of Captain McCain's employment with Cleveland. For these reasons, the hearsay does not fall under one of the exceptions to hearsay, and, as such, the motion to strike should be granted.

Accordingly, it is hereby ORDERED that City of Cleveland and Charles Bingham's Motion to Strike Hearsay In Plaintiff's Brief is GRANTED.

SO ORERED, this the 14th day of December, 2017.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**