IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EMILY MCCAIN                                                                                          PLAINTIFF

v.                                                  CIVIL ACTION NO.:  4:16- cv-188-MPM-JMV

CITY OF CLEVELAND,
AND CHARLES BEINGHAM, INDIVIDUALLY                                        DEFENDANTS

## ORDER

This matter comes before this Court for consideration of Defendants City of Cleveland ("Cleveland") and Charles Bingham's *Motion for Summary Judgment* [24], Plaintiff Emily McCain's response, and Defendants' reply. After considering each in light of relevant statutory and case law, the court is now prepared to rule.

**Factual Background**

On or about November 5, 2013, Plaintiff was hired as a patrolman third class by Defendant Cleveland based on Defendant Charles Bingham's recommendation, who was employed as the Cleveland Police Chief. Immediately following her hiring, Plaintiff's employment was rescinded by Cleveland after several complaints were made against her to members of the Cleveland Board of Aldermen. Plaintiff's father, Police Captain Mike McCain, informed the Chief Administrative Officer for Cleveland, Farae Wolfe, that he planned to pursue the matter further with the Equal Employment Opportunity Commission ("EEOC") and, on or about February 4, 2014, McCain began her employment with Cleveland as a patrolman.

During her time as an employee of Cleveland, Plaintiff alleges that she was subjected to unfair treatment based on her gender. Her allegations include limitations in her duties as a patrolman, disparaging comments by shift supervisors, the department's refusal to purchase

1

female-cut uniforms, and Defendant Bingham's refusal to give Plaintiff commendation after she saved the life of a crime victim.

Plaintiff's employment was terminated on or about November 4, 2015 after she arrested an intoxicated individual, who proceeded to escape from the back window of her patrol car. She alleges that her termination was unfair because previous arrestee escapes had not resulted in the termination of similarly situated male officers. Plaintiff commenced this action by filing her *Complaint* against Defendants City of Cleveland and Charles Bingham, based upon allegations of gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Equal Protection Clause of the Fourteenth Amendment, made actionable pursuant to 42 U.S.C. § 1983.

**Standard**

Summary judgment is appropriately granted when the evidence shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A court considering a motion for summary judgment must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.,* 635 F.3d 734, 736 (5th Cir. 2011). If the party seeking summary judgment meets its initial burden, the nonmoving party must then counter "with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "The moving party is 'entitled to a judgment as a matter of law' [where] the nonmoving party has failed to make a sufficient showing on an essential

element of its case with respect to which it has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986).

## Discussion

As summary judgment is granted when there is no dispute to any material fact, the Defendants, in this case, must demonstrate that there are no factual disputes in order to succeed on their motion for summary judgment. However, it is the opinion of the court that the Defendants have failed to demonstrate that there is no genuine factual issue for trial. In fact, it is the opinion of this court that the facts are such that a reasonable jury could potentially find for either party in a trial—further evidence that a trial is warranted given the circumstances. The factual issues that remain unresolved at the present time include the reasons why the Plaintiff was terminated and if her termination departs from the standard termination procedure for male officers in the same or substantially similar disciplinary situations.

Plaintiff has presented evidence that her termination was performed on terms upon which male officers were not similarly terminated. Although the Defendants attempted to explain the differences between the specific incidences in their briefs, and why the officers may have been disciplined differently, the court believes these differences are such that a reasonable jury should decide whether the Plaintiff's gender played a factor in her termination. Furthermore, the mere fact that there is such a dispute as to these specific incidents between other officers alludes to the fact that underlying issues remain unresolved at the present juncture.

## Conclusion

For the foregoing reasons, the court does not believe that summary judgment is proper at the present stage, as it is possible that a reasonable jury could find for the plaintiff given the facts

present currently before the court. Therefore, the Defendants' motion for summary judgement [24] is DENIED.

SO ORDERED, this the 2nd day of February 2018.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**